MEMORANDUM **
Otilia Rodriguez-Torres, a native and citizen of Mexico, petitions for review of a final order of the Board of Immigration Appeals (BIA) affirming the Immigration Judge’s (IJ) denial of Rodriguez-Torres’s request for cancellation of removal. Reviewing for substantial evidence, we deny the petition for review. See Lopez-Alvarado v. Ashcroft, 381 F.3d 847, 850-51 (9th Cir.2004).
“To qualify for the discretionary relief of cancellation of removal, an alien must, as a threshold matter, have been physically present in the United States for a continuous period of no less than ten years immediately preceding the date of the application.” Id. at 850. The time element of an alien’s residency may be shown by credible direct testimony or written declarations. Vera-Villegas v. INS, 330 F.3d 1222, 1225 (9th Cir.2003). As long as one of the grounds underlying a negative credibility finding is supported by substantial evidence and goes to the heart of the claims, we are bound to accept the IJ’s findings. See, e.g., Li v. Ashcroft, 378 F.3d 959, 964 (9th Cir.2004).
*408 The IJ found that Rodriguez-Torres’s testimony was not credible. See de Leon-Barrios v. INS, 116 F.3d 391, 394 (9th Cir.1997) (a negative credibility finding does not require the recitation of particular words). Substantial evidence supports the Id’s finding that Rodriguez-Torres was not credible. See id,. (“We review the IJ’s and BIA’s credibility findings for substantial evidence.... ”). The IJ noted the contradictions and inconsistencies in Rodriguez-Torres’s testimony regarding her location at the time her youngest son was born, which go to the heart of her claim of continuous presence. Rodriguez-Torres testified that she had never seen the father (Abraham) of her youngest son in the United States, therefore inferring that she had been in Mexico when the child was conceived (which contradicted her testimony regarding continuous presence). When she was confronted with this contradiction she then testified that she lived with Abraham and his mother in Fresno, California when her son was conceived. However, Rodriguez-Torres’s witness (Abraham’s mother) testified that she had never seen her son in the United States. Because of this contradietion/inconsistency and others in her direct testimony, the IJ correctly required corroborative documentary evidence to show continuous presence. See Vera-Villegas, 330 F.3d at 1225. The IJ found (1) there was sparse corroborative evidence and (2) what corroborative written evidence was produced failed to account for several periods of time. Therefore, because substantial evidence supports the IJ’s adverse credibility determination, we must affirm the IJ’s denial of Rodriguez-Torres’s request for cancellation of removal.
Because Rodriguez-Torres failed to meet the threshold requirement of continuous physical presence, we need not reach Rodriguez-Torres’s argument that the IJ erred in not finding her of good moral character.
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.